# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALEX ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 16-0576**  (BOR Appeal No. 2051043)
(Claim No. 2014001356)

**CHARLES BAILEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alex Energy, Inc., by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charles Bailey, by Reginald Henry, his attorney, filed a timely response.

The issues presented in the instant appeal are the authorization of additional temporary total disability benefits, the authorization of a referral for electrodiagnostic testing, and the addition of sciatica as a compensable component of Mr. Bailey's claim for workers' compensation benefits. On January 12, 2015, the claims administrator denied a request for a referral for an electromyogram/nerve conduction study of the lower extremities. Additionally, on March 19, 2015, the claims administrator issued a decision acknowledging the compensability of a lumbar sprain and denying a request to add sciatica, lumbago, and lower back pain with lumbar radiculopathy as compensable diagnoses. In a separate decision also dated March 19, 2015, the claims administrator denied a request to reopen Mr. Bailey's claim for further consideration of temporary total disability benefits. In its Order dated January 5, 2016, the Office of Judges reversed the claims administrator's January 12, 2015, decision denying a request for a referral for an electromyogram/nerve conduction study of the lower extremities, and the Office of Judges authorized the electrodiagnostic testing. Additionally, the Office of Judges modified the claims administrator's March 19, 2015, decision acknowledging the compensability of a lumbar sprain and denying a request to add sciatica, lumbago, and lower back pain with lumbar radiculopathy as compensable diagnoses, and the Office of Judges added sciatica as a compensable diagnosis. Finally, the Office of Judges reversed the claims administrator's March 19, 2015, decision denying a request to reopen Mr. Bailey's claim for further consideration of temporary total disability benefits, and the Office of Judges authorized the payment of temporary total disability benefits through July 14, 2015. This appeal arises from the Board of Review's Final Order dated May 20, 2016, in which the Board affirmed the January 5, 2016, Order of the Workers'

1

Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based, in part, upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bailey sustained a lower back injury on July 10, 2013, while cleaning a truck bed during the course of his employment with Alex Energy, Inc. On July 31, 2013, the claim was held compensable for a lumbar sprain. Additionally, diagnostic imaging performed following the injury revealed degenerative changes, degenerative disc disease, a mild disc protrusion at L3-4 demonstrating dehydration/desiccation, and a disc protrusion at L4-5 with increased dehydration/desiccation in comparison to imaging performed in 2007. Following the injury, Mr. Bailey sought treatment with Jay Copley, PA-C, his primary care provider, for ongoing lower back pain with intermittent radiculopathy. Additionally, Mr. Bailey was referred to Lana Christiano, M.D., who diagnosed Mr. Bailey with thoracic/lumbosacral neuritis/radiculitis, a disc displacement at L4-5, and lumbago. On October 24, 2013, Dr. Christiano recommended a pain management referral. On January 13, 2014, Brian Scott Yee, M.D., evaluated Mr. Bailey amid complaints of lower back pain with occasional radiculopathy. He diagnosed Mr. Bailey with a lumbar sprain, degenerative disc disease, and lumbar radiculopathy, and indicated that he would provide a series of transforaminal injections.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 27, 2014, and authored a report memorializing his findings on February 28, 2014. Dr. Mukkamala noted that Mr. Bailey reported experiencing lower back pain with radiation into the lower extremities and is awaiting authorization for transforaminal injections. He then opined that Mr. Bailey has reached maximum medical improvement and requires no further treatment in relation to the compensable injury.

On June 24, 2014, Mr. Bailey returned for a follow-up visit with Dr. Yee for the purpose of re-evaluating his ongoing lower back and left leg pain. Dr. Yee opined that he disagrees with Dr. Mukkamala's determination that Mr. Bailey has reached maximum medical improvement, and recommended that Mr. Bailey consider making use of a spinal cord stimulator. Additionally, Mr. Copley opined on July 9, 2014, that he also disagrees with Dr. Mukkamala's determination that Mr. Bailey has reached maximum medical improvement.

On November 3, 2014, Suzanne Novak, M.D., performed a records review for the purpose of evaluating Mr. Bailey's candidacy for a spinal cord stimulator. Dr. Novak noted that Mr. Bailey has expressed shifting complaints of lower back pain with little radiation to lower back pain with radiation into both extremities. Dr. Novak then opined that it is essential to establish the true nature of Mr. Bailey's diagnoses for the purpose of determining whether he

2

truly suffers from neuropathic pain attributable to the July 10, 2013, injury before further considering the necessity of a spinal cord stimulator.

On December 22, 2014, Mr. Bailey completed a claim reopening application in which he requested authorization of temporary total disability benefits from March of 2014 through the present. The physician's portion of the application was completed by Mr. Copley, who listed Mr. Bailey's current diagnoses as lower back pain and sciatica. Mr. Copley further indicated that Mr. Bailey has not sustained an aggravation or progression of his compensable injury, has not reached maximum medical improvement, and has not returned to work. However, Mr. Copley indicated that Mr. Bailey is capable of returning to work at light duty.

On January 12, 2015, the claims administrator denied Dr. Christiano's request for authorization of a referral for an electromyogram/nerve conduction study of the lower extremities. On March 12, 2015, Mr. Copley completed a diagnosis update request in which he listed Mr. Bailey's primary diagnosis as a lumbar sprain and his secondary diagnosis as lumbago, lower back pain with radiculopathy, and sciatica. On March 19, 2015, the claims administrator issued a decision in which it acknowledged that the claim has been held compensable for a lumbar sprain and denied Mr. Copley's request to add lumbago, lower back pain with radiculopathy, and sciatica as compensable diagnoses. In a separate decision also dated March 19, 2015, the claims administrator denied Mr. Bailey's request to reopen his claim for further consideration of temporary total disability benefits.

Dr. Mukkamala performed a second independent medical evaluation on September 30, 2015, and authored a report on October 1, 2015, memorializing his findings. Once again, Dr. Mukkamala opined that Mr. Bailey has reached maximum medical improvement and is in no further need of additional treatment. With respect to the request to add lumbago, sciatica, and lower back pain with radiculopathy as compensable diagnoses, Dr. Mukkamala noted that the diagnosis of lumbago simply describes Mr. Bailey's known lower back pain. He further opined that the record contains no objective evidence of radiculopathy. Additionally, Dr. Mukkamala concluded that Mr. Bailey's medical record fails to establish a causal link between the diagnosis of sciatica and the July 10, 2013, injury. Finally, he noted that although an electromyogram is often necessary when planning a course of treatment, the use of electrodiagnostic testing is not needed in the instant case because diagnostic imaging and clinical examinations have provided adequate diagnostic information.

The Office of Judges reversed the January 12, 2015, claims administrator's decision denying a request for authorization of an electromyogram/nerve conduction study of the lower extremities, and authorized the electrodiagnostic testing. Additionally, the Office of Judges modified the March 19, 2015, claims administrator's decision denying Mr. Copley's request to add lumbago, sciatica, and lower back pain with radiculopathy as compensable diagnoses, and added sciatica as a compensable diagnosis. Finally, the Office of Judges reversed the March 19, 2015, claims administrator's decision denying Mr. Bailey's request to reopen the claim on a temporary total disability basis, and authorized temporary total disability benefits through July 14, 2015. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2016. On appeal, Alex Energy, Inc., asserts that the evidence of

record fails to establish that Mr. Bailey developed sciatica as a result of the July 10, 2013, injury. Alex Energy, Inc., further asserts that the evidentiary record fails to establish the necessity of the authorization for an electromyogram/nerve conduction study in relation to the treatment of the compensable injury. Finally, Alex Energy, Inc., asserts that additional temporary total disability benefits were improperly granted by the Office of Judges because the evidence of record fails to establish that Mr. Bailey is entitled to additional temporary total disability benefits.

Regarding Mr. Copley's request to add lumbago, sciatica, and lower back pain with radiculopathy as compensable diagnoses, the Office of Judges determined that a preponderance of the evidence supports the addition of sciatica as a compensable diagnosis. Specifically, the Office of Judges found that the evidence of record demonstrates that Mr. Bailey sustained additional injuries in addition to the compensable lumbar sprain. The Office of Judges further found that Mr. Bailey's medical record consistently contains references to the diagnosis of sciatica following the July 10, 2013, injury.[1]

Regarding the request for authorization of an electromyogram/nerve conduction study, the Office of Judges noted that the claims administrator denied the request based upon its finding that the request was not made by Mr. Bailey's treating physician. However, the Office of Judges found that the claims administrator authorized a referral to Dr. Christiano, who in turn requested authorization for the electromyogram/nerve conduction study. Further, Dr. Novak's records review demonstrates that an electromyogram would provide diagnostic value in relation to the claim.

Finally, regarding the request to reopen the claim for further consideration of temporary total disability benefits, the Office of Judges concluded that the evidence of record demonstrates that Mr. Bailey continues to be temporarily totally disabled. Therefore, the Office of Judges authorized additional temporary total disability benefits through the date of Mr. Bailey's most recent office visit with Dr. Yee, namely July 14, 2015.

We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review, regarding the addition of sciatica as a compensable diagnosis and authorization of an electromyogram/nerve conduction study. However, we find that the decision of the Office of Judges, as affirmed by the Board of Review, regarding the authorization of additional temporary total disability benefits is predicated upon erroneous conclusions of law. West Virginia Code § 23-4-7a (2005), provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. Despite noting that Mr. Bailey is continuing to receive transforaminal injections and is awaiting authorization for electrodiagnostic testing, Dr. Mukkamala determined that Mr. Bailey has reached maximum medical improvement during two separate independent medical evaluations, one of which occurred after Mr. Bailey filed a request to reopen his claim for further consideration of temporary total disability benefits.

---

[1] The Office of Judges did not discuss Mr. Copley's request to add lumbago and lower back pain with radiculopathy as additional compensable diagnoses.

Further, West Virginia Code § 23-5-3 (2009), provides that in order to be eligible for a reopening of a claim, a claimant must demonstrate that a progression or aggravation of a compensable condition has occurred or, in the alternative, that a fact or facts not previously considered and which would entitle him to greater benefits than those already received exists. Mr. Copley, Mr. Bailey's primary care provider, indicated in the reopening application that Mr. Bailey has not sustained an aggravation or progression of the compensable injury. However, the Office of Judges concluded that Mr. Bailey has presented a new fact or facts not previously considered, and therefore reversed the March 19, 2015, claims administrator's decision denying Mr. Bailey's request to reopen his claim and the Office of Judges authorized additional temporary total disability benefits. Importantly, the Office of Judges did not actually point to a fact or facts not previously considered in its Order. Rather, it pointed to its own finding that Mr. Bailey remains temporarily totally disabled, and then opined that its conclusions are representative of a new fact. Critically, the Office of Judges failed to identify any relevant piece of evidence in the record as a previously unconsidered fact. We therefore find that the Board of Review's affirmation of the Office of Judges' decision granting additional temporary total disability benefits is in violation of the provisions of both West Virginia Code § 23-4-7a and West Virginia Code § 23-5-3.

For the foregoing reasons, we find that the decision of the Board of Review is based, in part, upon erroneous conclusions of law. The Board of Review erred in affirming the Office of Judges' decision authorizing additional temporary total disability benefits. Therefore, the decision of the Board of Review is reversed, in part, and the claim is remanded with instructions to reinstate the claims administrator's March 19, 2015, decision denying Mr. Bailey's request to reopen his claim for further consideration of temporary total disability benefits. The remainder of the Board of Review's Order, namely its affirmation of the addition of sciatica as a compensable diagnosis and the authorization of an electromyogram/nerve conduction study, is affirmed.

Affirmed, in part, reversed and remanded, in part.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5